(V.D. 95)

MANCA, INC. v. UNITED STATES

Entry No. 108867.

(Decided January 14, 1959)

*Eugene R. Pickrell* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This matter is before me on remand from classification proceedings decided by the first division of this court in *Manca, Inc.* v. *United States*, 40 Cust. Ct. 529, Abstract 61847, and it has been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto that the merchandise covered by the above remand of protest consists of Enlargers, Accessory Lenses and Printing Boards, which were the subject of a judgment and decision by the First Division of this Court in the case of *Manca, Inc.* vs *The United States*, Abstract 61847, on April 22, 1958, wherein it is stated "* * * and remand the matters pursuant to the provisions of Title 28 U.S.C. § 2636(d), for further proceedings before a single judge sitting in reappraisement for determination of the value of the imported merchandise in the manner provided by law".

IT IS FURTHER STIPULATED AND AGREED that the enlargers described below do not have as a component of chief value a photographic lens, and that at the time of the exportation of such merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States were as follows:

| Entry No. | Merchandise | Invoice Price ea. | Less Discount | U.S. $ per ea. |
|---|---|---|---|---|
| WH 108867___ | 10 Enlargers Focomat IIa_____ | $213. 96 | 46% | 115. 54 |
| | Accessory lens_____ | 26. 40 | 46% | 14. 26 |
| | Printing boards_____ | 13. 92 | 46% | 7. 52 |

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that the above remand of protest may be deemed to be submitted for decision upon this stipulation.

On the agreed facts, I find export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for appraisement of the merchandise in question, and I hold such dutiable value for each of the articles to be as hereinabove set forth in the stipulation of submission. Judgment will be rendered accordingly.